IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**THOMAS EUGENE DUNN,**

                 **Plaintiff,**

      v.                                        **CASE NO. 05-3438-SAC**

**JULIE MCCONNELL, et al.,**

                 **Defendants.**

**O R D E R**

Before the court is a pro se complaint filed under 42 U.S.C. § 1983 by a prisoner confined in the Montgomery County jail in Independence, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $250.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligations,[1] the court grants plaintiff leave to proceed in forma

---

[1] *See* Dunn v. McConnell, Case No. 05-3340-SAC (remainder of $250.00 district court filing fee) *and* ($255.00 appellate filing fee).

pauperis in the instant matter without payment of an initial partial filing fee. Once these prior fee obligations have been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

Plaintiff seeks relief based on defendants' alleged failure to provide plaintiff with prescribed depression medication. Plaintiff states he was diagnosed in 2002 with chronic depression, for which Effexor and other medications were administered. While incarcerated in a state correctional facility between 2002 and 2004, plaintiff states he received Prozac. Upon his return to the Montgomery County jail in November 2004, plaintiff states he continued with his remaining Prozac, but that no further depression medication was thereafter authorized by Jail Administer Julie McConnell.

In August 2005, plaintiff filed a § 1983 complaint, <u>Dunn v. McConnell</u>, Case No. 05-3340-SAC, seeking damages from the jail administrator and the Montgomery County Sheriff based on their discontinuance of plaintiff's Prozac. The court directed plaintiff to identify the duration of plaintiff's confinement in the county facility, and to clarify whether plaintiff was alleging the denial of specific medication, or only that plaintiff was required to pay for the medication he received. After reviewing plaintiff's response, the court dismissed that complaint as stating no claim for relief because plaintiff's allegations and administrative grievance centered only on plaintiff's claim that he should not have to pay for medications vital to his well being. Plaintiff's appeal from that order and

judgment is currently pending before the Tenth Circuit Court of Appeals.

In the present action filed in November 2005, plaintiff seeks the dismissal with prejudice of a criminal action charging plaintiff with an April 2005 battery of a correctional officer. Plaintiff argues this incident arose only because he was no longer on his depression medication, and thus should be dismissed.  This claim is dismissed without prejudice.  Such relief must be pursued in a petition for writ of habeas corpus under 28 U.S.C. § 2254, after plaintiff has fully exhausted his state court remedies.

Plaintiff also seeks damages for wages lost during his continued confinement, and for pain and suffering related to his untreated depression.  Plaintiff alleges neglect by McConnell, two Montgomery County Sheriffs, and a facility nurse to plaintiff's need for this medication.  Plaintiff acknowledges he is receiving other medications, but complains that jail officials should have provided him with Prozac.

To the extent plaintiff seeks relief on claims that were or could have been raised in his earlier complaint, this action is subject to being dismissed as barred by the doctrines of res judicata and collateral estoppel. *See* <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980)(doctrine of res judicata precludes relitigation of claims that were, or could have been, litigated in a prior action).  Accordingly, plaintiff is directed to show cause why this action should not be dismissed because consideration of plaintiff's claims is now barred.  *See* <u>Phelps v. Hamilton</u>, 122

F.3d 1309, 1318 (10th Cir. 1997)(noting Kansas and federal rule that a final judgment retains all of its res judicata consequences pending decision of the appeal).

Additionally, plaintiff cites no exhaustion of administrative remedies at the jail other than his bare statement that his grievances and other attempts to obtain relief were not answered. *See* 42 U.S.C. § 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). More information is required to satisfy § 1997e(a), including the date and content[2] of such unanswered grievances. *See* Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome"), *cert. denied* 125 S.Ct. 344 (2004).

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that plaintiff's claim for the dismissal of a state criminal charge filed against him is dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20)

---

[2]For example, plaintiff continues to reference the cost of his depression medication, but does not identify whether a co-pay fee for such medication is or was required, and fails to disclose the content of any of his administrative grievances.

days to show cause why plaintiff's remaining claims should not be dismissed.

**IT IS SO ORDERED.**

DATED:  This 1st day of February 2006 at Topeka, Kansas.


<u>s/ Sam A. Crow</u>
SAM A. CROW
U.S. Senior District Judge