IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


THOMAS EUGENE DUNN,

                    Plaintiff,

          v.                              CASE NO. 05-3438-SAC

JULIE MCCONNELL, et al.,

                    Defendants.



O R D E R

     Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983 while plaintiff was a prisoner in the Montgomery County jail in Independence, Kansas.

     Plaintiff seeks relief based on defendants' alleged failure to provide plaintiff with prescribed depression medication.  Plaintiff states he was diagnosed in 2002 with chronic depression, for which Effexor and other medications were administered.  While incarcerated in a state correctional facility between 2002 and 2004, plaintiff states he received Prozac.  Upon his return to the Montgomery County jail in November 2004, plaintiff states he continued with his remaining Prozac, but states no further depression medication was thereafter authorized by Jail Administer Julie McConnell.

     Plaintiff also seeks damages for wages lost during his continued confinement, and for pain and suffering related to his untreated depression.  Plaintiff alleges neglect by defendants to plaintiff's need for this medication.  Plaintiff acknowledges he is receiving other medications, but complains that jail officials should have provided him with Prozac.

The court reviewed plaintiff's allegations and dismissed without prejudice plaintiff's habeas request for the dismissal of a pending state criminal action charging him assaulting a correctional officer.   The court further directed plaintiff to show cause why the remainder of the complaint should not be dismissed either because federal review of plaintiff's claims was barred by plaintiff's filing of a previous action on the same or similar allegations,[1] see Allen v. McCurry, 449 U.S. 90, 94 (1980)(doctrine of res judicata precludes relitigation of claims that were, or could have been, litigated in a prior action), or alternatively, because plaintiff had not exhausted administrative remedies on his claims, 42 U.S.C. § 1997e(a).

Having reviewed plaintiff's response, the court finds the complaint should be dismissed.   Plaintiff reasserts the legal standards applicable to a pretrial detainee's allegations of being denied necessary medical care, but does not address whether his claims differ from those that were or could have been asserted in his earlier complaint.   Nor does he address his exhaustion of administrative remedies other than to provide a conclusory statement that he filed several grievances that were not answered.   This is insufficient.   See Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by § 1997e(a) requires a prisoner to attach a copy of applicable

---

[1]Plaintiff filed a § 1983 complaint in August 2005, seeking damages from the jail administrator and the Montgomery County Sheriff based on their discontinuance of plaintiff's Prozac.   The court dismissed that complaint as stating no claim for relief.   See Dunn v. McConnell, Case No. 05-3340-SAC (D.Kan., November 8, 2006), appeal dismissed (10th Cir., June 8, 2006).

administrative dispositions to the complaint, *or to "describe with specificity the administrative proceeding and its outcome"*)(emphasis added), *cert. denied*, 543 U.S. 925 (2004).

Although the doctrines of res judicata and collateral estoppel may well bar judicial review of plaintiff's claims, the record more clearly demonstrates that plaintiff has not satisfied the preliminary showing for bringing his complaint to a federal court. *See* 42 U.S.C. § 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The court thus concludes this matter should be dismissed pursuant to 42 U.S.C. § 1997e(a).

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that the complaint is dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a).

**IT IS SO ORDERED.**

DATED:  This 16th day of November 2006 at Topeka, Kansas.


　s/ Sam A. Crow　　　　
SAM A. CROW
U.S. Senior District Judge